UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HOWARD TOGO WOOD, JR.                                                PLAINTIFF
ADC #155339

V.                      No. 4:20-CV-01386-BRW-JTR

SHERI FLYNN, Director,
Arkansas Sex Offender Assessment Committee, *et al.*            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Bill Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff, Howard Togo Wood, Jr. ("Wood"), an inmate in the Ouachita River Unit of the Arkansas Division of Corrections ("ADC"), filed this *pro se* § 1983

action alleging that Defendants violated his constitutional rights.[1] *Doc. 1*. Before Wood may proceed with this case, the Court must first screen his claims.[2]

## II. Discussion

Wood, a convicted sex offender, alleges that despite his multiple requests, the ADC's Sex Offender Assessment Committee ("SOAC") has yet to conduct a Sex Offender Risk Assessment ("Assessment") of him. *Doc. 1 at 4-7*. Wood contends this Assessment is necessary for him to be considered for parole, commutation, and transfer. By not conducted an Assessment on him, Wood argues that Defendants have violated his Due Process and Equal Protection rights. *Id.*

Wood has named as Defendants SOAC Director Sheri Flynn, along with SOAC employees Michael Wood, Jessie Holley, Diane Gray, and John and Jane Does. He has sued each of them in their official capacity only, and seeks an injunction that orders Defendants to temporarily assign all offenders a Level 2 Assessment until an Assessment can be performed, and to require that an

---

[1]Wood initially filed his Complaint in the Western District of Arkansas, where the Ouachita River Unit is located, but the case was subsequently transferred to this District. *Doc. 3*

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Assessment must be made on each sex offender within 90 days of their commitment to the ADC. *Id. at 7*.

### A. Wood's Due Process Claims

Wood alleges that, as a convicted sex offender, SOAC is required to perform a sex offender Assessment and assign him a "community notification assessment level" before he can be released from incarceration. *Doc. 1 at 6*. Despite being incarcerated for a sex offense since 2013, Wood asserts that Defendants have failed to provide the necessary Assessment. As a result, he alleges that he cannot be considered for release or transfer from incarceration. *Id.*[3]

To state an actionable § 1983 due process claim, a prisoner must have a protected "liberty interest." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 846-47 (8th Cir. 2003). Wood's Complaint states that, in 2013, he was convicted of sex offense and sentenced to thirty (30) years in prison. *Doc. 1 at 3*. Despite the length of his remaining sentence, Wood contends that he is entitled to have his Assessment promptly completed so he can seek parole, commutation, or some other form of early release from incarceration.

---

[3] While the Arkansas Sex Offender Registration Act (the "Act"), Ark. Code Ann. §§ 12-12-901 *et seq.*, requires the SOAC to perform an assessment of those adjudicated guilty of certain sex offenses, the Act does not specify a time frame for initiating and completing the assessment.

It is well settled that a prisoner does not have a Fourteenth Amendment due process "liberty interest," either in the possibility of parole or conditional release before the expiration of a valid sentence, or in the determination of a specific parole eligibility date. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011) (citing *Sandin*, 515 U.S. at 480, among others); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (inmate has no constitutionally protected liberty interest in the possibility of parole); *Smith v. Norris*, 40 Fed. Appx. 305, *1 (8th Cir. 2002) (inmate has "no federal right to have specific release and parole eligibility dates calculated").

The Eighth Circuit has recognized, however, that *if* a state law "uses mandatory language and imposes substantive limits on the discretion of state officials," it can support a liberty interest under the Fourteenth Amendment. *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (quoting *Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir. 1993)); *see also Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). However, in *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990), the Court held that the applicable Arkansas parole statutes do *not* establish any right to parole capable of supporting a due process claim. *Accord Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (unpub.) (Arkansas

parole statutes do not create protectible liberty interest in discretionary parole decisions).[4]

When a prisoner is committed to the Arkansas Department of Correction, "he can be assured of only one thing — that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Wood was sentenced to thirty years of imprisonment. He has no liberty interest in the possibility of obtaining parole, commutation, or any type of early release, or transfer capable of supporting a Fourteenth Amendment due process claim. Accordingly, he is not entitled to any due process protections in connection with having not yet received a sex offender Assessment that he believes prevents him from being considered for those privileges.

Because Wood's pleadings fail to state a plausible § 1983 due process claim, it should be dismissed.

**B. Wood's Equal Protection Claims**

Wood also alleges that Defendants violated his equal protection rights by failing to provide him a sex offender Assessment. *Doc. 1 at 4-6*. The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne*

---

[4] Likewise, there is no right to a sentence commutation under Arkansas law. *Perry v. Morgan*, 122 F.3d 18 (8th Cir. 1997); *Whitmore v. Gaines*, 24 F.3d 1032, 1034 (8th Cir. 1994) (discussing the Arkansas statute).

*Living Center*, 473 U.S. 432, 439 (1985). Unless an equal protection claim is based on the aggrieved party being a member of a "protected class" or infringes a "fundamental right," the claim must be evaluated under the "rational basis" test. *See Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008).

Wood does not allege that he was denied the Assessment based on him being a member of a "protected class." Because Wood has no constitutionally protected right to the Assessment, his failure to receive the Assessment does not infringe a "fundamental right." Thus, Wood's allegations can only be construed as raising a "class of one" equal protection claim, *i.e.*, that Defendants "singled [him] out" and "'intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *See Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, 799 (8th Cir. 2009) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)); *see also Nolan*, 521 F.3d at 989–90.

Wood's Complaint alleges only that: (1) he is similarly situated to other sex offenders who have not yet received an Assessment; and (2) Defendants have provided the Assessment for some sex offenders, before their parole hearings or transfer eligibility dates, but not for others, including Wood. *Doc. 1 at 4*.[5] Even if

---

[5] Wood also claims that he is similarly situated to other inmates seeking a commutation who are not sex-offenders. To the contrary, Wood, as a convicted sex-offender, is *not* similarly

6

this conclusory allegation established that Wood was similarly situated to other sex-offenders that received an Assessment, his claim nevertheless fails because he has not alleged any facts that *he was intentionally treated differently* from the sex offenders who have received an Assessment or that the Defendants used an irrational basis in determining who to assess first. Moreover, by alleging that some similarly situated inmates received their Assessment, *but that "others" like him did not*, Wood's Complaint implies that he was not "singled out" by Defendants.

Accordingly, because Wood's equal protection allegations fail to state a plausible claim for relief, this claim should be dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Wood's Complaint be DISMISSED, without prejudice, for failure to state a claim.

2. The dismissal count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

---

situated to non-sex offenders, especially since the Assessment at issue only applies to sex offenders.

DATED this 3rd day of June, 2021

                                                              _____
                                                              UNITED STATES MAGISTRATE JUDGE